IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


**KRISTINA K. S.,**[1]

       Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.

Civ. No. 6:19-cv-00619-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

      Plaintiff Kristina K. S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income under the Social Security Act. For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED for immediate calculation and award of benefits.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

1 - Opinion and Order – 6:19-cv-00619-CL

## BACKGROUND[3]

Plaintiff was born March 24, 1968. Tr. 151. She earned a modified high school diploma through a special education program. Tr. 46, 181. After graduation, she continued to have an individualized education plan for assistance with reading and science and to develop her vocational skills. Tr. 168-71. She has past relevant work experience as a cashier, stocker, and deli clerk. Tr. 492, 438. Plaintiff alleges that she has been disabled since birth due to borderline intellectual functioning, adjustment disorder, and an anxiety disorder. Tr. 16.

Plaintiff filed for disability benefits in October 2009. Tr. 151-58. Plaintiff's claim was denied both initially and upon reconsideration. Plaintiff requested a hearing and appeared before an ALJ in October 2011. Tr. 43-100. The ALJ issued an unfavorable decision in November 2011. Tr. 11-26. The Appeals Council denied her request for review in May 2012. Tr. 7-8. Plaintiff subsequently filed a Complaint in this Court, seeking review of the ALJ's decision and the final decision of the Commissioner. This Court affirmed the Commissioner's denial of benefits. *See Slayter v. Astrue*, No. 6:12-cv-01297-JO, 2013 WL 6086929 (D. Or. Nov. 14, 2013). Plaintiff appealed to the Ninth Circuit Court of Appeals, and the court remanded the matter for further administrative proceedings with instruction to reconsider the lay witness testimony of Toni Kloch and the opinions of examining psychologist, Pamela Roman, PsyD. *Slayter v. Berryhill*, 693 F. Appx 529, 531 (9th Cir. 2017).

In October 2018, Plaintiff appeared for a remand hearing before a different ALJ than the one that heard her initial claim. On January 3, 2019, the ALJ issued a decision denying

---

[3] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 9.

Plaintiff's claims for benefits. Tr. 427-46. That decision became the final decision of the Commissioner. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);

       416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

        a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.   Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

    The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis to Plaintiff's remanded administrative hearing, the ALJ made the following findings in this case:

1. Plaintiff meets the insured status requirements of the Social Security Act through September 1, 2010. Tr. 432.

2. Plaintiff has not engaged in substantial gainful activity since March 24, 1968, the alleged onset date. Tr. 432.

3. Plaintiff has the following severe impairments: borderline intellectual functioning; adjustment disorder; and anxiety disorder. Tr. 433.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 433.

5. Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can understand, remember, and carry out no more than simple, routine tasks that involve no more than occasional contact with co-workers. She must avoid team-based collaborative tasks. She can tolerate no more than occasional changes to work routines or processes. She must avoid tasks requiring interaction with the general public.  Tr. 434.

6. Plaintiff is unable to perform past relevant work. Tr. 438.

7. Plaintiff was born on March 24, 1968 and claims to be disabled since birth, so she falls into the definition of a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963). Tr. 438.

8. Plaintiff has at least a high school education (or GED) and is able to communicate in English. Tr. 438.

9. Transferability of job skills in not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills. Tr. 438.

10. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 438.

Based on these findings, the ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, from birth through the date of the ALJ's decision. Tr. 439.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's

decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ failed to adequately account for Plaintiff's social limitations in the hypothetical posed to the vocational expert and residual functional capacity finding.

2. Whether the ALJ properly evaluated the examining medical opinion of Pamela Roman, PsyD, and whether that evidence should be credited as true.

3. Whether the ALJ failed to identify legally sufficient bases to reject the lay witness testimony of Toni Kloch, and whether that evidence should be credited as true.

The Court finds it noteworthy that the Ninth Circuit Court of Appeals remanded Plaintiff's case to the Commissioner with instruction to reconsider the lay witness testimony of Toni Kloch and the opinions of examining psychologist, Pamela Roman, PsyD, and yet, the treatment of these opinions by the ALJ are again at issue. After careful review of the record, and in light of the opinion issued by the Ninth Circuit Court of Appeals, this Court finds that the ALJ made the same or very similar errors that the Ninth Circuit already condemned. This Court also finds that the record is fully developed, and when the discounted evidence is properly considered in light of the vocational expert testimony, Plaintiff cannot sustain competitive employment.

Therefore, the decision of the Commissioner is reversed for immediate calculation and payment of benefits.

**I.      The ALJ erred in failing to account for Plaintiff's limitations when interacting with supervisors.**

An individual's residual functional capacity ("RFC") is the most she can do considering here impairments and limitations.  20 C.F.R. § 416.945; SSR 96-8p, *available at* 1996 WL 374184.  The ALJ assesses the residual functional capacity "based on all of the relevant medical and other evidence," including medical opinion evidence and "descriptions and observations of [the claimant's] limitations that result from [her] symptoms, such as pain, provided by [the claimant], [her] family, neighbors, friends, or other persons." *Id.* §§ 404.1545(a)(3), 416.945(a)(3). The residual functional capacity properly includes only limitations with record support.  *Bayliss*, 427 F.3d at 1217; *Batson*, 359 F.3d at 1197.  The ALJ is "responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

The ALJ then uses the RFC assessment at steps four and five of the sequential analysis to determine whether the claimant retains the ability to perform any past relevant work or "other" work existing in significant numbers in the national economy. *Id.* §§ 404.1545(a)(5), 416.945(a)(5).  The ALJ may elicit testimony from a vocational expert ("VE"), but the hypothetical posed to the VE must consider all of the claimant's limitations supported by the record. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

Here, the RFC determination as well as the ALJ's determination that Plaintiff can perform work were made in error because the ALJ failed to adequately account for all of Plaintiff's mental limitations. Specifically, the ALJ accepted that Plaintiff suffered moderate limitation in the ability to interact appropriately with supervisors, but failed to account for this

limitation when determining Plaintiff's RFC.  The ALJ also failed to explain why this limitation was not accounted for.

Dr. Alvord diagnosed Plaintiff with mild intellectual developmental disorder; anxiety disorder, not otherwise specified ("NOS"); and rule-out mild posttraumatic stress disorder ("PTSD"). Tr. 1012.  He opined that Plaintiff's intellectual limitations were the primary factors impacting her occupational and educational success. Tr. 1012.  He assessed mild impairment in Plaintiff's ability to understand, remember, and carry out simple instructions. Tr. 1014.  He assessed moderate impairment in her ability to interact appropriately with the public, supervisors, and coworkers and respond appropriately to usual work situations and changes in a routine work setting. Tr. 1014-15.

The ALJ fully credited Dr. Alvord's opinion and specifically noted that Dr. Alvord assessed "'moderate' difficulty interacting appropriately with co-workers, supervisors, and the general public." Tr. 437.  The ALJ then reasoned that those social deficits were "addressed by a restriction to no more than occasional contact with co-workers in a non-collaborative setting—and a total restriction against required interaction with the general public." Tr. 437.  However, the ALJ failed to explain how those limitations accommodate the moderate limitation that Dr. Alvord assessed in Plaintiff's ability to interact appropriately with supervisors.  Failing to account for Plaintiff's limited ability to interact appropriately with supervisors is harmful error because job instructions are likely to come from supervisors, not coworkers, and Plaintiff has a noted difficulty with remembering simple instructions.

**II.     The ALJ erred in evaluating the medical opinion of examining physician, Pamela Roman, PsyD.**

"Medical opinions are statements from acceptable medical sources that reflect judgements about the nature and severity of [a claimant's] impairment(s), including [her]

symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). The opinions of examining doctors are generally favored over those of non-examining doctors. *Id.* §§ 404.1527(c), 416.927(c).; *Ghanim v. Colvin,* 763 F.3d 1154, 1160 (9th Cir. 2014). The opinion of an examining doctor is "entitled to deference" and may be rejected only with specific and legitimate reasons supported by substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 631, 633 (9th Cir. 2007); *Ghanim*, 763 F.3d at 1160–61. Here, the ALJ failed to provide sufficient reasons supported by substantial evidence for discounting Dr. Roman's medical opinion regarding Plaintiff's need for special supervision.

Dr. Roman first examined Plaintiff in 2009 and again in 2011. Tr. 303, 420. In 2009, Dr. Roman diagnosed Plaintiff with anxiety disorder, NOS, with some symptoms of phobia and panic disorder; adjustment disorder with depressed mood related to mother's death; and borderline intellectual functioning. Tr. 308. She assessed a GAF score of 55. Tr. 308. She noted that Plaintiff was able to remember one simple instruction at a time, but was unable to adequately attend and recall two-part instructions. Tr. 308. Dr. Roman noted Plaintiff's self-reported abilities and activities of daily living, but commented that Plaintiff's description of her abilities should be compared with the observations of her family members to be sure that she was not "exaggerating her capabilities." Tr. 309. Dr. Roman concluded that Slayter was not capable of handling funds granted by the Social Security Administration. Tr. 310.

In 2011, Plaintiff reported to Dr. Roman that her anxiety symptoms had increased after her mother's death in 2009. Tr. 420. Dr. Roman noted that Plaintiff presented as disheveled and poorly groomed. Tr. 424. Her thought content was positive for worry and rumination. Tr. 425. Her intellectual functioning appeared to be in the borderline range. Tr. 425. Dr. Roman assessed

anxiety disorder, NOS; adjustment disorder with depressed mood; borderline intellectual functioning; and a GAF score of 55. Tr. 423-24.

Approximately one month later, Dr. Roman completed a Mental RFC Assessment: She assessed moderate impairment in Plaintiff's ability to maintain attention and concentration for extended periods. Tr. 416. She assessed marked impairment in Plaintiff's ability to understand, remember, and carry out detailed instructions and to sustain an ordinary routine without special supervision. Tr. 415-16.

The ALJ "decline[d] to adopt Dr. Roman's opinion regarding the claimant's need for special supervision." Tr. 435. The ALJ reasoned,

> Dr. Roman's 2009 examination report, which formed the basis for her 2011 functional assessment, indicates that the claimant's previous firings had nothing to do with the claimant's inability to remain on task or follow directions. Instead, the claimant was reportedly fired "after being accused of being rude to a coworker and a customer" and later for "telling a friend to 'f off' on the phone" (Ex. 4F, 3).

Tr. 436. This reasoning is disappointingly similar to the reasoning that the Ninth Circuit rejected previously. Just as in the present case, the Ninth Circuit noted that "the ALJ concluded Dr. Roman's 2011 finding regarding special supervision did not account for [Plaintiff's] work history or independence in daily life. . . . But other record evidence is inconsistent with this characterization and suggests [Plaintiff's] work history and independence were much more limited." *Slayter v. Berryhill*, 693 F. Appx at 530.

This Court agrees with Plaintiff and the Ninth Circuit that Plaintiff's work history does not constitute substantial evidence to discount Dr. Roman's opinion that Plaintiff needs special supervision. The record shows that Plaintiff has been unable to hold a job for very long and contains only self-reports of why she was fired. Plaintiff worked at Dari Mart between 2006 and 2009 and claims she was fired for being rude to coworkers and customers. Tr. 304. Prior to that,

11 - Opinion and Order – 6:19-cv-00619-CL

she had worked at a different Dari Mart from 2000 to 2002 and again claims she fired for using inappropriate language with a customer. Tr. 304. She also worked at Walmart between 1997 and 1999. Tr. 304. This record does not demonstrate an ability to sustain long-term employment without special supervision. To the contrary, it shows an inability to sustain long-term employment and an inability to interact appropriately with customers and co-workers.

The ALJ also asserted that Plaintiff's "demonstrated ability" to work parttime while attending classes at Lane Community College ("LCC") undermined Dr. Roman's opinion that she required special supervision. Tr. 436. However, the record again does not clearly demonstrate such an ability. Rather, a single treatment note indicates that Plaintiff reported that she was "going to LCC and working at the Titan Store, which is a convenient store located at LCC." Tr. 818. Plaintiff's earnings record documents that she earned just $246.45 in wages from LCC, and only in 2015. Tr. 656. Moreover, the record shows that the classes Plaintiff attended at LCC were Adult Basic and Secondary Education classes that were neither graded nor for credit, and the record contains no details regarding Plaintiff's performance in those classes. Tr. 671-76. Therefore, the record does not demonstrate that Plaintiff has an ability to sustain part-time work while attending classes to a degree that it could be considered substantial evidence to undermine Dr. Roman's opinion.

Therefore, this Court finds that the ALJ failed to identify legally sufficient bases supported by substantial evidence in the record to reject Dr. Roman's opinion. When properly credited, Dr. Roman's opinion requires a finding of disability. Dr. Roman's 2009 and 2011 reports found that Plaintiff cannot remember more than one instruction at a time or detailed instructions. The vocational expert testified that if Plaintiff can only remember "one simple instruction at a time," she "probably" cannot perform the jobs the ALJ identified. Moreover, per

vocational expert testimony, a marked impairment in an individual's ability to sustain an ordinary routine without special supervision precludes competitive employment. Tr. 93, 99.

**III.     The ALJ erred in evaluating the lay witness testimony of Toni Kloch.**

Lay witness statements are generally "competent evidence that the ALJ must take into account" and may discount only with germane reasons supported by substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The same factors used to evaluate the opinions of medical providers are used to evaluate statements from nonmedical sources. 20 C.F.R. §§ 404.1527(f), 416.927(f). Those factors include the length, nature, and extent of the source's relationship with the claimant, the frequency of interaction, and the supportability and consistency of the source's statements. *Id.* §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). In this case, the Court agrees with Plaintiff that the ALJ failed to identify legally sufficient bases supported by substantial evidence in the record to reject the lay witness statements of Ms. Kloch.

In November 2009, Ms. Kloch completed a handwritten Function Report, in which she stated that she had known Plaintiff for twenty-five years and had worked with Plaintiff both as a special education teacher and coached her in the Special Olympics. Tr. 190.  Ms. Kloch also testified at the first administrative hearing.  Tr. 75-88.  Ms. Kloch reported that Plaintiff lived with her father and her son, cared for her father's house, and was learning how to prepare complete meals. Tr. 183, 185.  Ms. Kloch testified that Plaintiff had tried to live independently but was not successful. Tr. 81.  Ms. Kloch stated that Plaintiff would not have been able to raise her children without her parent's help. Tr. 84, 87.  Ms. Kloch reported that Plaintiff needed prompting to take care of personal needs and grooming, and reminders to take medications. Tr. 185.  Ms. Kloch reported that Plaintiff did not drive and was not able to go out alone. Tr. 186.

Ms. Kloch further noted that Plaintiff did not know how to handle a savings account or use a checkbook or money orders. Tr. 186.

Ms. Kloch typically provided Plaintiff with transportation and accompanied her to places. Tr. 187. Ms. Kloch reported that Plaintiff's conditions affected her memory, ability to complete tasks, concentration, understanding, ability to follow instructions, and get along with others. Tr. 188. Ms. Kloch reported that Plaintiff had a short attention span and did not follow spoken instructions well because of her poor memory. Tr. 188. She followed written instructions better because she was able to refer back to them. Tr. 188. Ms. Kloch testified that Plaintiff required feedback and daily positive reinforcements to perform even a simple job. Tr. 80-82.

The ALJ assigned "only partial weight" to Ms. Kloch's statements. Tr. 436. He reasoned,

> Ms. Kloch's assertion that the claimant requires special supervision to sustain even simple tasks is inconsistent with the claimant's own work history. The claimant's severe mental impairments did not prevent her from engaging in substantial gainful activity between 2000-2001 and 2007-2008 (See Ex. l0D). As noted above, they also did not prevent her from pursuing a GED and working part-time at community college convenience store. These endeavors suggest the claimant retained significant independence despite her mental symptoms.

Tr. 436. These reasons for rejecting Ms. Kloch's report is not convincing or supported by substantial evidence for all the same reasons listed above regarding Dr. Roman's opinion. Again, the record lacks any specific details about Plaintiff's performance in the classes that she attended at LCC, which were neither graded nor for credit. Tr. 672-76. There is also no evidence in the record that Plaintiff was successful in obtaining a GED. Moreover, Slayter earned only $246.45 in wages in her attempt to work at a store on LCC's campus, which does not indicate an ability to sustain competitive work. Tr. 656. Ms. Kloch's testimony was based on thirty years of knowing Plaintiff, including during those times when Plaintiff was employed. Plaintiff's attempts to sustain employment and attend Adult Basic and Secondary Education classes are not inconsistent

with Ms. Kloch's testimony that Plaintiff requires special supervision.

Therefore, this Court finds that the ALJ erred in rejecting Ms. Kloch's lay witness statements. When properly credited, Ms. Kloch's testimony demonstrates that Plaintiff requires special supervision and cannot sustain competitive work. *See* Tr. 93, 99, 502-03.

**IV.    This case is remanded for payment of benefits.**

By statute, a reviewing court "shall have the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). Accordingly, courts may remand a case for immediate payment of benefits without further administrative proceedings. *Garrison,* 759 F.3d at 1019. In the Ninth Circuit, a Social Security case must be remanded to the Commissioner if the ALJ's decision is based on legal error or unsupported by substantial evidence. *Id.* Courts in the Ninth Circuit determine whether a case should be remanded for additional proceedings or immediate payment of benefits pursuant to the "credit-as-true" inquiry, whereby the court determines whether (1) the ALJ's decision is invalid on legal or evidentiary grounds; (2) the administrative record is fully developed and further proceedings would serve no useful purpose; and if (3) crediting the improperly discredited evidence as true, an ALJ on remand would be compelled to find a plaintiff disabled. *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted).

Here, for the reasons described above, the ALJ failed to account for all of Plaintiff's limitations in determining Plaintiff's RFC, erroneously rejected the medical opinion of Dr. Roman, and erroneously rejected testimony provided by a lay witness. Therefore, the first step of the inquiry is met.

The Court finds that the second step of the inquiry is also met. Plaintiff has had two administrative hearings before two different ALJs. Her case was appealed to this Court, then to

the Ninth Circuit, then back to the Commissioner, and then again back to this Court. Plaintiff's appeal to this Court presents the same or similar issues already addressed by the Ninth Circuit. There are multiple medical opinions of record and ample symptom testimony was provided. In short, the Commissioner has been provided many opportunities to address errors in this case. As the Ninth Circuit has repeatedly stated, "[a]llowing the Commissioner to decide the issue[s] again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart,* 379 F.3d 587,595 (9th Cir. 2004) (citation omitted). The Commissioner has not provided any compelling reason why further proceedings would be useful. The numerous hearings, extensive medical opinion evidence, and multiple erroneous decisions in this matter demonstrate that further proceedings would serve no useful purpose.

Moving to step three, the Court finds that when the erroneously discounted evidence from Ms. Kloch and Dr. Roman are credited as true and Plaintiff's limited ability to interact appropriately with supervisors is considered in the RFC determination, an ALJ on remand would be compelled to find Plaintiff disabled. Therefore, the Court concludes that Plaintiff is disabled under the Social Security Act. The Court chooses to exercise its authority to remand this case for immediate payment of benefits.

## ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for immediate calculation and payment of benefits.

It is so ORDERED and DATED this __25__ day of March, 2021.

---

MARK D. CLARKE
United States Magistrate Judge